## No. 262

### CLEVELAND RY. CO. v. CRYSTAL

Ohio Court of Appeals, Cuyahoga County
No. 4222. Feb. 26, 1923

STREET RAILWAYS—(1) Duty to alighting passengers where car stops at a place other than a regular stop—(2) Contributory negligence of alighting passengers—failure to observe passing automobile.

VICKERY, J.:

Epitomized Opinion

Error to Cuyahoga Common Pleas

This was an action for the wrongful death of Ralph Crystal against The Cleveland Railway, and Collacott, an automobile driver. Although Crystal wanted off at a certain stop and rang the bell to advise the conductor of that fact, the car went past the regular stopping place and then slowed down. The conductor opened the car door and gave two sharp rings of the bell for the street car to proceed. Although the car did not completely stop, the deceased deemed this an invitation to alight. After taking one or two steps toward the curb he was struck and killed by a passing automobile. At the close of plaintiff's evidence, the automobile driver was let out, as there was no evidence of negligence on his part. A verdict was found against the Railway Company. The defendant company prosecuted error, contending that the case was governed by Northern Trac. Co. v. Reming (C. A. 8th Dist., No. 3603). On the other hand, plaintiff claimed that the case of Mahoning, etc., v. Leedy, 104 O. S. 487, applied. In sustaining the verdict, the Appellate Court held:

1. Inasmuch as the passenger was discharged at a point other than a regular stopping place, the Leedy case, and not the Reming case, governed this case.

2. Where a street car company discharges a passenger in a dangerous place, not only does it owe him the duty to see that he has safely alighted, but owes him the further duty of either warning the passenger of the existence of such dangerous condition or removing it before it permits him to alight.

3. Where the circumstances are such as to lead an alighting passenger to believe that there was an invitation to alight, it is a question for the jury whether this act in alighting from a moving street car was contributory negligence.

Attorneys—Squire, Sanders & Dempsey, for Railway; Payer, Winch, Minshall & Karch, for Crystal.

## No. 263

### HERMAN LARONGE v. CLEVELAND

Ohio Court of Appeals, Cuyahoga County
No. 4501. March 5, 1923

CRIMINAL LAW—(1) Automobile speeding—Misconception of ordinance—(2) Sufficiency of proof in civil cases not enough—Preponderance of cannot establish guilt.

SULLIVAN, J.:

Epitomized Opinion

Error to Cleveland Municipal Court

Conviction of violating Sec. 2271, M. C., relating to automobile traffic on Cleveland streets.

This section penalizes the operation of a motor vehicle on the public streets of the city at a greater speed than is reasonable or proper, having regard for the width, traffic, use and general and usual rules of such road, street or highway. It makes a rate of speed greater than 15 miles per hour in the business or congested district, or more than 20 miles in other portions of the city, presumptive evidence of

a rate greater than is reasonable or proper. The Court of Appeals held:

1. A careful reading of the opinion forces the opinion that the court below, in reaching a judgment of "guilty," did not pay due regard to those elements in the evidence that related to width, traffic and other conditions existing on Superior street between 47th and 19th streets, in order to determine whether the accused was operating at a rate of speed greater than is reasonable or proper, having regard for width, use and general rules of such street. The said court used the following language in his opinion: "Now 34 miles an hour is a dangerous rate of speed. I don't care how wide the street is. A busy street like Superior avenut, in the morning, with so many intersecting streets and cross-town railroads—you can't control the car." In this it seems that the court misconceived not only the rule of law applicable to the case, but ignored, in so many words, the express wording of the ordinance itself.

2. The court, in its opinion, instead of adopting the rule of law in itself applicable to a criminal case, especially where imprisonment is part of the penalty, adopted the rule of law applying to civil cases. "Of course the city must have the preponderance of the evidence. Laronge has two witnesses and the city one; but we don't weigh evidence by numbers. We weigh it by probative force or probative value." Under the rules of law in such cases the court must find beyond the existence of a reasonable doubt, before a defendant be adjudged guilty. As distinguishing between the requirements of the law in civil and criminal cases, the court quoted the syllabis in Moran v. State, 11 C. C. R. 464.

With these two misconceptions, it is the opinion of this court that the defendant Laronge did not have a fair and impartial trial, and the judgment of the court below is reversed and cause remanded.

Attorneys—Gaughan & Collins, for Levine; Lee E. Skeel, for City.

## No. 264

### CLEVELAND RY. CO v. MUNTEAN

Ohio Court of Appeals, Cuyahoga County
No. 4215. Feb. 26, 1923

INSTRUCTIONS TO JURY—(1) Prejudicial error in court's charge—Vagueness.

PER CURIAM:

Epitomized Opinion

This was an action in the common pleas against The Cleveland Railway Company for personal injuries. At the request of plaintiff the court gave the following charge:

"Nine or more of your number may find in favor of either party, and if you find in favor of plaintiff, then nine or more of your number may determine the amount of money to be awarded to him by way of damages."

As the jury returned a verdict for $15,000, The Railway Company prosecuted error, claiming that the above charge was erroneous, inasmuch as the nine who agreed upon liability might be a different nine from those who agreed upon the amount of damages. In affirming the judgment the Appellate Court held:

1. As all the jurors who agreed upon the verdict must sign that they find for the plaintiff, and that they assess his damages at a certain amount, we fail to see where the court could have prejudiced the jury or how it would have been possible that any other jurors than those who fixed the liability could assess the damages.

Attorneys—Anderson and Lamb, for Muntean; Squire, Sanders & Dempsey, for Railway.